**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARTINIANO SALAZAR-YANEZ,

Defendant-Appellant.

No. 06-4273
(D.C. No. 2:06-CR-456-PGC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Defendant Martiniano Salazar-Yanez pled guilty to illegal reentry following removal in violation of 8 U.S.C. § 1326. In his plea agreement, defendant stated that he

> knowingly, voluntarily and expressly waive[d his] right to appeal any sentence imposed . . . and the manner in which the sentence is determined, on any of the grounds set forth in [18 U.S.C. § 3742] or on any ground whatever, except . . . [for] a sentence (1) above the

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

maximum penalty provided in the statutes of conviction as set forth in paragraph 2 [of the agreement]; (2) an upward departure above the high end of the Guideline range determined by the Court to apply to [him] and the facts of [his] case; or (3) if the Court fails to apply the two-level "fast track" reduction recommended by the government.

Mot. to Enforce, Attach. B (Plea Agreement), para. 10, at 3-4. The district court imposed a sentence of thirty months, at the low end of the advisory guideline range of thirty to thirty-seven months and well below the twenty-year statutory maximum recited in the plea agreement.

Despite the appeal waiver, defendant has filed an appeal claiming that the district court erred in determining his sentencing guideline range by characterizing his prior assault conviction as a felony and as a crime of violence. The government has moved to enforce his appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful. *Id.* at 1327.

The government's motion addresses all of these considerations, explaining why none of them undermine defendant's appeal waiver.

In response, defendant first contends that his appeal does not fall within the terms of the appeal waiver. As noted, the waiver permits him to appeal a sentence "(1) above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 [of the plea agreement, or] (2) an upward departure above the high end of the Guideline range determined by the Court to apply to [defendant] and the facts of [this] case." Plea Agreement at 3. In paragraph 2 of the Plea Agreement, defendant stated: "I know that the maximum possible penalty provided by law for . . . a violation of 8 U.S.C. § 1326 . . . is a term of imprisonment of up to . . . 20 years . . . ." *Id*. at 1. Defendant argues that exception (1) permits him to appeal any sentence imposed above what "should" be his maximum sentence, because it does not state that he cannot appeal any sentence greater than the "maximum *possible* sentence" under § 1326. Resp. Br. at 5-6. This argument is patently without merit. By its express reference to paragraph 2 of the Plea Agreement, which lists the maximum possible sentence of twenty years, the first appeal-waiver exception clearly and unambiguously permitted defendant to appeal only if the sentence imposed exceeded that twenty-year maximum possible sentence, which it did not.

Defendant next claims his appeal is outside the scope of the waiver by asserting that the reference to the "facts of [his] case" phrase in exception (2)

permits an appeal if the court incorrectly applies the facts in his case when it determined his sentence. Again, this argument is patently without merit. The exception clearly and unambiguously applies only to a sentence imposed above the guideline range as "determined by the Court." Plea Agreement at 3. The only appellate right that defendant retained under this exception was the right to appeal if the sentencing court departed up from the guideline range, which it did not do.

Defendant also contends that he did not knowingly and voluntarily enter the appeal waiver. He first argues the appeal waiver is ambiguous because he understood it to mean he could appeal any sentence above what the maximum sentence "should" be if the court properly determined the guideline range. As we have held, however, this argument is patently without merit under the unambiguous language of the appeal waiver provision.

He next contends that he did not knowingly and voluntarily agree to the appeal waiver because the district court did not adequately explain the terms of the appeal waiver to him during the colloquy mandated by Rule 11 of the Federal Rule of Criminal Procedure. Under Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure, the district court is obligated to "inform [a] defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal . . . the sentence" before accepting defendant's guilty plea. This court has held that "it is always error for a district court to fail to discuss an appellate waiver provision during a Rule 11 colloquy,

although not always reversible error." *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003).

At the Rule 11 colloquy here, the district court asked defendant, "do you understand that you'll be waiving all of the rights listed in the plea agreement because we won't have a trial in this case," to which the defendant answered "yes." Mot. to Enforce, Attach. C (Plea Hr'g Tr.), at 5. The plea agreement did include a list of rights that defendant would be waiving by not going to trial, including the right to appeal. Plea Agreement, paras. 6, 8 & 10, at 2-4. But the court's question did not expressly mention the appeal waiver and did not inform defendant of the terms of the appeal waiver. The district court also referred defendant to paragraph 13 of the plea agreement which described in general all of the concessions given by each party, including defendant's agreement to "waive [his] right to challenge any legal sentence." Plea Hr'g, at 5; Plea Agreement, at 4. Defendant agreed to the court's statement. The district court's question did not, however, refer to paragraph 10, which contains the appeal waiver, and did not inform defendant of the terms of the appeal waiver. These two questions are the only ones in which the district court said anything to defendant that could be construed as relating to the appeal waiver.

The defendant did not object to the court's failure to describe the terms of the appeal waiver, however, and we therefore apply a plain error review. *Edgar*, 348 F.3d at 871. Under plain error analysis, defendant must establish:

(1) an error, (2) that is plain, and (3) that affects substantial rights. *Id.* "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted). Defendant has made no showing that any error by the district court in failing to inform him of the terms of the appeal waiver affected his substantial rights. "An error affects substantial rights where the error was prejudicial, that is, if it affected the outcome of the district court proceedings." *Id.* at 872 (quotation omitted). "In the context of a plea agreement, an error is prejudicial if the defendant has shown that he would not have pleaded guilty if the district court had complied with Rule 11(b)(1)(N)." *Id.* In assessing this, we "may consult the whole record" and, in particular, the plea agreement and the plea colloquy. *Id.*

Based on our review of the record, we conclude that defendant knowingly and voluntarily waived his right to appeal. First, as we held above, the plea agreement very clearly and unambiguously states that defendant waives his right to appeal any sentence unless it is above the twenty-year maximum possible sentence provided for by § 1326 or it is above the guideline range as determined by the court. Further, in the plea agreement the defendant stated: "I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea." Plea Agreement at 6. Defendant stated in the plea agreement that he had discussed it with his attorney as much as he wanted to

-6-

and that he had entered into it knowingly and voluntarily. At the plea colloquy, the court explained to defendant that the decision as to how to characterize his prior assault conviction was a sentencing issue that only the court would determine and only after defendant entered his guilty plea. The court repeatedly asked defendant if, with that understanding, he still wished to enter his guilty plea or instead proceed to trial, and the defendant repeatedly told the court that he understood this and still wished to take advantage of the plea agreement. Plea Hr'g at 6-10. The court informed defendant that he would not be able to withdraw his guilty plea if the sentence was higher than his attorney had estimated or he had hoped for, and defendant told the court that he understood this. Defendant has not met his burden to present evidence establishing that he did not understand the appeal waiver, *see Edgar*, 348 F.3d at 872-73, and we conclude from the record as a whole that he did enter into the appeal waiver knowingly and voluntarily.

Finally, defendant contends that it would be a miscarriage of justice to enforce the appeal waiver. He argues the sentence was based on an incorrect application of the guidelines because the court mischaracterized his prior assault conviction as a crime of violence and a felony, and, therefore, his sentence violates the law. Such sentencing objections, however, do not establish that *enforcement of the appeal waiver* would be unlawful, which is the focus of the miscarriage-of-justice inquiry. *See United States v. Sandoval*, 477 F.3d 1204,

1208 (10th Cir. 2007); *Hahn*, 359 F.3d at 1329.  Unless undercut by an error that "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings," an appeal waiver is enforceable.  *Id.* at 1327 (quotation omitted).  No such error has been presented here.

The government's motion is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM