**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GERVACIO
ALVARADO-BENJUME,

Defendant-Appellant.

No. 07-2103
(D.C. No. 06-CR-2331-JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

Gervacio Alvarado-Benjume pleaded guilty to being an illegal alien who

reentered the United States after having been convicted of an aggravated felony in

violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). He was sentenced to 21

months' imprisonment, at the low end of the advisory Guidelines range. His plea

agreement contains a waiver of appeal rights. Mr. Alvarado-Benjume has

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appealed, and the government has moved to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Mr. Alvarado-Benjume's counsel filed a response to the government's

motion stating that "[u]ndersigned counsel has carefully reviewed this matter and

can find no basis for an appeal of the sentence imposed." Resp. at 2. Counsel

indicated that

> [i]t is the position of Mr. Alvarado-Benjume that the 21 month
> sentence imposed in this matter is unfair and too long for his
> conviction . . . . It [is] further the position of Mr. Alvarado-Benjume
> that the twelve (12) level enhancement of offense level pursuant to
> U.S.S.G. § 2L1.2.(b)(1)(B) based upon a prior felony Attempted Sale
> of Narcotic Drugs conviction amounts to double punishment.

Resp. at 4. In light of his counsel's response, we gave Mr. Alvarado-Benjume the

opportunity to respond and show why this court should not enforce the waiver of

appellate rights. He did not respond. Having considered the government's

motion and counsel's response, we grant the government's motion and dismiss the

appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and

voluntarily waived his appellate rights; and (3) whether enforcing the waiver

would result in a miscarriage of justice." 359 F.3d at 1325. The

miscarriage-of-justice prong requires the defendant to show (a) his sentence relied

on an impermissible factor such as race; (b) ineffective assistance of counsel in

connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted).

*Within Scope of Waiver*

Mr. Alvarado-Benjume's plea agreement states:

> The Defendant is aware that federal law affords a Defendant the right to appeal the sentence imposed. Acknowledging that, the Defendant *knowingly waives the right to appeal any sentence within the applicable sentencing guideline range and imposed in conformity with this plea agreement.* In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction pursuant to 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

Mot., Attach. 1, at 4 (emphasis added). The issues Mr. Alvarado-Benjume wishes to appeal concern his sentence. The sentence was at the low end of the applicable Guidelines range and there is no indication that it contravened any portion of the plea agreement. Accordingly, the appeal falls within the scope of the waiver of appellate rights.

*Knowing and Voluntary Waiver*

In determining whether Mr. Alvarado-Benjume's appeal waiver was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11

-3-

colloquy." *Hahn*, 359 F.3d at 1325. Mr. Alvarado-Benjume bears the "'burden to present evidence from the record establishing that he did not understand the waiver.'" *Id.* at 1329 (quoting *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).

The plea agreement appeal waiver states that Mr. Alvarado-Benjume "knowingly waives the right to appeal . . . ." Mot., Attach. 1 at 4. Further, the plea agreement states that "[t]he Defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." *Id.* at 5. And just before the signature block, it states, "I have read this agreement and carefully reviewed every part of it with my attorney in my native language. I understand the charges, the penalties, and have fully discussed the case and my potential defenses with my attorney. . . . I understand the agreement and voluntarily sign it." *Id.* Thus, the language of the plea agreement indicates that Mr. Alvarado-Benjume entered the agreement knowingly and voluntarily.

It appears, however, that the district court failed to address the appellate waiver during the Rule 11 colloquy. The court advised Mr. Alvarado-Benjume of the various rights he would be giving up by pleading guilty, but it did not mention the right to appeal, Mot., Attach. 2 at 12-13, and it did not otherwise address the appellate waiver. The only reference to the waiver is the prosecutor's statement, in his summary of the plea agreement provisions, that "you have your potential

-4-

penalties in H and then moving to paragraph five, page four, you have your waiver of appeal rights and postconviction challenges to sentence." *Id.* at 37-38.

But the district court's failure to address the waiver during the Rule 11 colloquy does not necessarily mean that the waiver was not knowing and voluntary. Federal Rule of Criminal Procedure 11(b)(1)(N) provides that "the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." This court has held that "it is always error for a district court to fail to discuss an appellate waiver provision during a Rule 11 colloquy, although not always reversible error." *Edgar*, 348 F.3d at 871. Where, as here, the defendant did not raise the issue in the district court, we review the error under the plain error standard. *Id.*

> To notice plain error under Fed. R. Crim. P. 52(b), the error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.

*Id.* (quotations and citation omitted).

As in *Edgar*, in this case there was an error that was obvious. *See id.* at 871-72 (citing Fed. R. Crim. P. 11(b)(1)(N)). It does not appear, however, that the error affected substantial rights. "In the context of a plea agreement, an error

-5-

is prejudicial if the defendant has shown that he would not have pleaded guilty if the district court had complied with Rule 11(b)(1)(N)." *Id*. at 872. There is nothing in the record to show that Mr. Alvarado-Benjume would not have pleaded guilty if the district court's Rule 11 colloquy had adequately addressed the appellate waiver. In addition to the plea-agreement evidence of a knowing and voluntary waiver that we addressed above, at the colloquy Mr. Alvarado-Benjume testified that he was not threatened or forced to enter into the plea agreement and there were no promises other than those contained in the plea agreement. Mot., Attach. 2 at 19. He stated that the plea agreement had been read to him in Spanish, that his attorney had reviewed every paragraph of it with him, and that he understood the charges against him and the possible penalties. *Id*. at 30, 34. He testified that he signed the plea agreement freely and voluntarily. *Id*. at 35. The prosecutor mentioned the appellate waiver in summarizing the terms of the plea deal and defense counsel declined to take exception to the summarization or call attention to any other aspect of the plea agreement. *Id*. at 38-39. Further, the arguments that Mr. Alvarado-Benjume apparently wishes to raise on appeal do not contest the voluntariness of the plea; they concern only the calculation of his sentence. We conclude that the Mr. Alvarado-Benjume's substantial rights were not affected by the deficient Rule 11 colloquy, and thus the plain-error standard has not been met.

There is no record evidence to dispute Mr. Alvarado-Benjume's written and verbal assertions of a knowing and voluntary waiver, *see Edgar*, 348 F.3d at 873, and thus we find that Mr. Alvarado-Benjume's waiver of his right to appeal was knowing and voluntary.

## *Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Mr. Alvarado-Benjume's sentence did not exceed the statutory maximum and there is no indication that it relied on an impermissible factor. There is no indication in this record that his counsel was ineffective in connection with the negotiation of the waiver, and in any event, ineffective-assistance of counsel claims usually are best addressed in collateral proceedings. Finally, there is no indication that the waiver is otherwise unlawful.

The motion to enforce plea agreement is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM