**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 02-6195

GLENN DWAYNE EDGAR,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D. Ct. No. CR-01-223-R)**

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, appearing for Appellant.

F. Michael Ringer, Assistant United States Attorney (Robert G. McCampbell, United States Attorney, and Sue Tuck Richmond, Assistant United States Attorney, with him on the brief), Office of the United States Attorney, Oklahoma City, Oklahoma, appearing for Appellee.

Before **TACHA**, Chief Circuit Judge, **SEYMOUR,** Circuit Judge, and **BRORBY**, Senior Circuit Judge.

**TACHA**, Chief Circuit Judge.

On February 11, 2002, Defendant-Appellant Glen Dwayne Edgar pleaded

guilty to manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and to possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). Pursuant to his plea agreement, Mr. Edgar waived his right to appeal his conviction and sentence. Despite this agreement, Mr. Edgar filed a timely notice of appeal. Because we find that Mr. Edgar validly waived his right to direct appeal, we **DISMISS**.

## I. Background

On December 12, 2001, a federal grand jury indicted Mr. Edgar on two counts of distributing methamphetamine (Counts I and II), one count of manufacturing methamphetamine (Count III), and one count of possessing firearms in furtherance of a drug trafficking crime (Count IV). Mr. Edgar entered into a plea agreement with the government on February 11, 2002. This agreement waived his right to appeal directly and to challenge collaterally his "guilty plea and any other aspect of his conviction" and his "sentence as imposed by the Court and the manner in which the sentence is determined," except in two limited circumstances not relevant here. In exchange for the plea, the government agreed to drop Counts I and II. The district court subsequently sentenced Mr. Edgar to a 120-month prison term on Count III and a 60-month prison term on Count IV. This appeal followed. We take jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Discussion

On appeal, Mr. Edgar contends that we should not enforce his waiver of appellate rights because (1) he received ineffective assistance of counsel and (2) the waiver was not knowing or voluntary.

On the first point, Mr. Edgar argues that he received ineffective assistance of counsel, which tainted the plea agreement, because he received essentially the same sentence under the plea agreement that he would have received if convicted at trial on all four counts. To support this claim, he alleges that he received little to no benefit from the plea agreement, yet gave up valuable appellate rights.

Although it is well established that we will not enforce a waiver that is the product of ineffective assistance of counsel, *see United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001), we dismiss Mr. Edgar's direct appeal of this issue without reaching the merits of his claim. With rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims . . . . brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.") . Indeed, we have followed this practice even when the issues on direct appeal are sufficiently developed for us to pass judgment, reasoning that we benefit from the views of the district court regarding such claims. *Id*. Accordingly, we refuse to

consider Mr. Edgar's ineffective assistance of counsel claim on direct appeal.

We turn next to Mr. Edgar's second argument. Despite evidence that he fully understood his plea agreement, Mr. Edgar argues that the district court's failure to discuss the appellate waiver during the plea colloquy establishes that the waiver was not knowing and voluntary.

Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure requires a district court to "inform [a] defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" before accepting a plea. Fed. R. Crim. P. 11(b)(1)(N). The commentary to Rule 11 notes that the Advisory Committee drafted the rule, in large part, to ensure that appellate waivers are knowing and voluntary. *See* Fed. R. Crim. P. 11(b)(1)(N), advisory committee notes to 1999 amendments ("Given the increased use of [waiver] provisions, the Committee believed it was important to insure that . . . the waiver was voluntarily and knowingly made by the defendant.");[1] *see also United States v. Vonn*, 535

_____

[1]Numerous courts have recognized the vital role that the Rule 11 colloquy plays in ensuring that a defendant voluntarily and knowingly enters into a plea agreement. *See, e.g., United States v. Vonn*, 535 U.S. 55, ___, 122 S. Ct. 1043, 1046, 152 L. Ed. 2d 90 (2002) ("[R]ule [11 is] meant to ensure that a guilty plea is knowing and voluntary"; it achieves this purpose "by laying out the steps a trial judge must take before accepting such a plea."); *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) ("Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before
(continued...)

U.S. 55, ___, 122 S. Ct. 1043, 1049 n.6, 152 L. Ed. 2d 90 (2002) ("[T]he Advisory Committee Notes provide a reliable source of insight into the meaning of a rule, especially when . . . the rule was enacted precisely as the Advisory Committee proposed.").

Rule 11(b)(1)(N) — enacted as Rule 11(c)(6) — became effective December 1, 1999. Prior to its enactment, district courts were under no obligation to discuss appellate waivers, and we only considered the absence of such a discussion to the extent that it illuminated whether the waiver was knowing and voluntary. *See, e.g., United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Nevertheless, prior to the enactment of Rule 11(b)(1)(N), we employed an error analysis when a district court failed to give other warnings that were then required by Rule 11. *See, e.g., United States v. Vaughn*, 7 F.3d 1533, 1535-36 (10th Cir. 1993) (employing error analysis to review a district court's omission of the instructions required by Rule 11(e)(2)). In light of the clear text of Rule 11(b)(1)(N) and the Supreme Court's decision in *Vonn*, we see no reason why we should treat Rule 11(b)(1)(N) errors any differently. *Vonn*, 122 S. Ct. at 1054 (holding that the district court's failure to give a required warning,

---

[1](...continued)
accepting such a plea."); *United States v. Teeter*, 257 F.3d 14, 24 (1st Cir. 2001) ("In explicating the rationale for adopting [Rule 11(b)(1)(N)], the advisory committee made it pellucid that such an inquiry, properly performed, offers considerable assurance of the defendant's knowledge and volition.").

now embodied at Rule 11(b)(1), is reviewed under harmless error, if objection was made in the district court, or under plain error, if no objection was made). Thus, we conduct an error review when a district court fails to discuss the provisions of Rule 11(b)(1)(N) at the colloquy. Even under error review, however, the knowing and voluntary nature of a waiver remains important to the extent that it informs our error analysis.[2]

Following this guidance, we conclude that it is always error for a district court to fail to discuss an appellate waiver provision during a Rule 11 colloquy, although not always reversible error. This conclusion comports with the decisions of several other circuits. *See, e.g., Teeter*, 257 F.3d at 24 (finding that Rule 11 requires district courts to "inquire specifically at the change-of-the-plea hearing into any waiver of appellate rights" and that failure to do so "will constitute error and may serve to invalidate the waiver"); *United States v. Siu Kuen Ma*, 290 F.3d

---

[2]This is the first time since its passage that we have addressed how we review Rule 11(b)(1)(N) errors in a binding, published opinion. *United States v. Rubio*, 231 F.3d 709 (10th Cir. 2000), while published after the enactment of Rule 11(b)(1)(N), reviewed a plea entered into prior to the enactment of the Rule. In *United States v. Chavez-Salais*, 337 F.3d 1170 (10th Cir. 2003), we reviewed a plea agreement pursuant to contract principles to determine whether the plea waived the right to modify the sentence pursuant to 18 U.S.C. § 3582(c)(2). *Id.* at 1172-73. Because *Chavez-Salais* did not address Rule 11(b)(1)(N) in the context of *Vonn*, that case only guides us as to whether the error affected substantial rights.

1002, 1005 (9th Cir. 2002) (same); *Reyes*, 300 F.3d at 559-60 (same).[3]

In deciding whether this omission constitutes reversible error, we must determine whether to review it under the harmless error or plain error standard. The Supreme Court has instructed that when a defendant fails to raise a Rule 11 error to the district court—as is true of Mr. Edgar—we review any alleged error under the plain error standard of Fed. R. Crim. P. Rule 52(b). *See Vonn*, 122 S. Ct. at 1046 ("hold[ing] that a silent defendant has the burden to satisfy the plain-error rule").

"To notice plain error under Fed. R. Crim. P. 52(b), the error must (1) be an actual error that was forfeited; (2) be plain or obvious; and (3) affect substantial rights, in other words, in most cases the error must be prejudicial, i.e., it must have affected the outcome . . . ." *United States v. Haney*, 318 F.3d 1161, 1166 (10th Cir. 2003) (en banc). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal

---

[3] We take this moment to remind district courts to perform vigilantly their duties under Rule 11. Strict compliance with the requirements of Rule 11 conserves judicial resources and offers the best mechanism to ensure that defendants understand their situation. This is especially true with appellate waivers, because these waivers will, in most instances, prevent defendants from bringing issues to the attention of an appellate court.

quotations omitted).

Under plain error analysis, we must first determine if actual error exists. *Haney*, 318 F.3d at 1166. As we discussed above, the district court erred by failing to discuss Mr. Edgar's waiver of appellate rights before accepting his plea.

Next, we must decide whether the error was plain. *Id.* Error "is 'plain' if it is obvious or clear, i.e., if it is contrary to well-settled law." *United States v. Duran*, 133 F.3d 1324, 1330 (10th Cir. 1998). Generally, we do not consider an error to be "plain" in the absence of "Supreme Court or controlling circuit authority, [where] other circuit authority is divided." *Haney*, 318 F.3d at 1167. This general rule, however, is most persuasive "where the explicit language of a statute or rule does not specifically resolve an issue[.]" *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Applying these considerations to the current case, we find that the district court's failure to discuss the appellate waiver provision was obvious. The congressional mandate embodied in Rule 11(b)(1)(N) is clear: "the court *must* inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. Rule 11(b)(1)(N) (emphasis added). Therefore, we find that the district court committed an error, which was plain, by failing to discuss Mr. Edgar's waiver of appellate rights.

Third, we must determine whether the error affected substantial rights. *See Duran*, 133 F.3d at 1332. "An error affects substantial rights where the error was prejudicial, that is, if it affected the outcome of the district court proceedings." *See United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (internal quotations omitted). In the context of a plea agreement, an error is prejudicial if the defendant has shown that he would not have pleaded guilty if the district court had complied with Rule 11(b)(1)(N). *See Vaughn*, 7 F.3d at 1536 (finding that a district court's omission of an instruction required by then-Rule 11(e)(2) did not affect substantial rights, in part, because the defendant did "not allege that he would not have entered a guilty plea if the court had given the proper warning"). We may consult the whole record when considering the effect of any error on substantial rights. *Vonn*, 122 S. Ct. at 1055.

In the context of appellate waivers, our cases have recognized that the *sine qua non* of prejudice is whether the defendant knowingly and voluntarily waived his right to appeal.[4] *See, e.g., Chavez-Salais*, 337 F.3d at 1173. In determining whether such waivers are knowing and voluntary, we have looked to two sources: (1) the text of the plea agreement and (2) the plea colloquy. *Id.*

Considering these sources, we conclude that Mr. Edgar knowingly and

[4]This is not to say that we foreclose other grounds for finding prejudice in a future case or that the lack of a knowing and voluntary waiver constitutes prejudice under every conceivable set of circumstances.

-9-

voluntarily waived his right to direct appeal. First, the plea agreement—in plain language—explains the waiver of appellate rights. The plea agreement clearly states that Mr. Edgar waives his right to appeal and to challenge collaterally his "guilty plea and any other aspect of his conviction" and his "sentence as imposed by the Court and the manner in which the sentence is determined." Second, the signature section of that agreement reads, "By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms." Third, Mr. Edgar attested in his petition to enter a plea of guilty that he (1) had sufficient time to discuss his case with his attorney and (2) entered into the plea agreement voluntarily. Fourth, during the plea colloquy, Mr. Edgar stated that he entered into the agreement "voluntarily and completely of [his] own free choice," that the plea agreement accurately reflected his agreement with the government, and that he was fully satisfied with the services of his attorney. *See United States v. Rubio*, 231 F.3d 709, 712 (10th Cir. 2000) (finding that a waiver was knowing and voluntary based, in part, on statements made by the defendant during the plea colloquy).

Despite this substantial evidence, Mr. Edgar denies that the agreement was knowing and voluntary. To support this argument, he states that nothing in the record shows that he understood the waiver. This argument, however, misconstrues the proper burden allocation. Mr. Edgar has the burden to present

evidence from the record establishing that he did not understand the waiver. *Vonn*, 122 S. Ct. at 1046. A mere silent record does not satisfy this burden. *See Rubio*, 231 F.3d at 712 (enforcing a waiver when "[n]othing in the record indicate[d] Defendant's decision to enter into the plea agreement was other than knowing and voluntary"). Moreover, as we noted above, we find that this record contains assurances that Mr. Edgar, a small business owner and a high school graduate with some college education, consulted with his attorney before signing the agreement, read it, and understood it. Because we find that Mr. Edgar fails to show evidence in the record to dispute his own written and verbal assertions, we find that the waiver was knowing and voluntary. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998) (statements made in a plea colloquy are presumed to be true).

We hold that Mr. Edgar's waiver, because it was knowing and voluntary, satisfies the essential purpose underlying Rule 11, despite the flawed colloquy. *See* Fed. R. Crim. P. 11(b)(1)(N), advisory committee notes to the 1999 amendments (stating that Congress designed Rule 11(b)(1)(N) to ensure that waivers are knowing and voluntary). Thus, because he knowingly and voluntarily entered into the plea agreement, the district court's failure to discuss the waiver did not affect Mr. Edgar's substantial rights. Because Mr. Edgar fails to satisfy the third prong of the plain error review, we have no occasion to decide whether

the error below seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Johnson*, 520 U.S. at 467.

## III. Conclusion

For the foregoing reasons, we **DISMISS** Mr. Edgar's direct appeal, refusing to reach the ineffective assistance of counsel argument and holding that the district court's failure to satisfy the requirements of Rule 11(b)(1)(N) did not constitute plain error.