FILED
United States Court of Appeals
Tenth Circuit

October 23, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ULYSSES
HERNANDEZ–MARTINEZ,

Defendant - Appellant.

No. 07-3218
(D.C. No. 07-CR-10051-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **McCONNELL**, Circuit Judges.

Defendant Ulysses Hernandez-Martinez pled guilty to one count of misuse

of a Social Security number and one count of aggravated identity theft.  He was

sentenced to thirty-six months in prison.  Although his plea agreement contained

a waiver of his appeal rights, Mr. Hernandez-Martinez subsequently filed an

appeal challenging his sentence.  The government has moved to enforce the

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral
argument.  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Mr. Hernandez-Martinez concedes that his appeal falls within the scope of the waiver of his appellate rights and he does not argue that enforcing the waiver would result in a miscarriage of justice. He asserts, however, that he did not knowingly and voluntarily waive his appellate rights.

In determining whether a waiver of appellate rights is knowing and voluntary, we look primarily at two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and (2) whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id*.

There is no dispute regarding the language of the plea agreement. Mr. Hernandez-Martinez's signed plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." Mot., Att. A at 5. Further, the plea agreement states that

the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion . . . . The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

*Id*. at 7.

As to the second factor, Mr. Hernandez-Martinez argues that the district court failed to give a proper Rule 11 plea colloquy. The relevant portion of Rule 11 states that

the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
. . .
the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N). During the plea hearing, the district court had defense counsel summarize the plea agreement, *see* Mot., Att. B at 18-22, but the district court did not review the appeal waiver provision with Mr. Hernandez-Martinez or ask him whether he understood the waiver.

In *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003), we held "that it is always error for a district court to fail to discuss an appellate waiver provision during a Rule 11 colloquy, although not always reversible error." Because Mr. Hernandez-Martinez failed to raise this Rule 11 issue in the district court, "we review any alleged error under the plain error standard of Fed. R.

Crim. P. 52(b)." *Id.* Under the plain error standard, there must be an actual error that is plain or obvious and affects substantial rights. *Id.*

As in *Edgar*, the district court's failure to discuss Mr. Hernandez-Martinez's waiver of appellate rights was actual error that was plain or obvious. *See id.* at 871-72. The question then is whether the error affected substantial rights. "An error affects substantial rights where the error was prejudicial, that is, if it affected the outcome of the district court proceedings." *Id.* at 872 (quotation omitted). In the context of appellate waivers, a defendant shows prejudice by presenting evidence that the waiver was not knowing and voluntary. *Id.* at 872.

Mr. Hernandez-Martinez contends that his waiver was not knowing and voluntary because (1) he explained at his change of plea hearing that he is not a native English speaker and only speaks or understands a "'bit of English,'" Resp. at 5 (quoting Mot., Att. B at 5); (2) he has no formal education, *id.*; and (3) the record shows that he did not understand the appeal waiver because he stated during the sentencing hearing that he was going to keep fighting his case after sentencing, *id.* These contentions are inconsistent with Mr. Hernandez-Martinez's signed plea agreement and his testimony at the plea hearing.

As set forth above, Mr. Hernandez-Martinez signed his plea agreement, which included the appeal waiver and his acknowledgement that he "had the plea

-4-

agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." Mot., Att. A at 7. At the plea hearing, an interpreter was available for him to use. *See id.*, Att. B. at 1-2. After he told the court that he could only speak a little bit of English, the court asked: "Well, do you understand what I'm asking you now?" and he said "yes." *Id*. at 5. He did not ask to use the interpreter during the hearing and he at no point informed the court that he did not understand what was going on during the hearing. At the end of the plea hearing, after the plea agreement had been summarized in open court, the district court and Mr. Hernandez-Martinez had the following exchange:

> THE COURT: Now, you listen to me carefully. Are you offering your plea of guilty with a full understanding of all the matters set forth in the information in this petition, in your plea agreement, and in the certificate of your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is there anything about it that you don't understand?
>
> THE DEFENDANT: No.
>
> THE COURT: Then I ask you again, do you swear that you read, understood, discussed with your attorney every part of the petition to plead guilty, your plea agreement, and your answer to those documents, and your answers to me now are true and correct; is that right?
>
> THE DEFENDANT: That is correct.

*Id.*, Att. B. at 26.  Finally, Mr. Hernandez-Martinez's statement during his sentencing hearing that he was "going to continue fighting this, just not in this court," was apparently made in reference to his alleged plans to go to the United Nations so that "the whole country [can] know what everyone's doing here." *Id.*, Att. C at 6-7.  These remarks do not affirmatively show that he did not knowingly and voluntarily enter into his appeal waiver.

Because Mr. Hernandez-Martinez failed to present evidence from the record to dispute his own written and verbal assertions, we conclude that the waiver was knowing and voluntary.  *See Edgar*, 348 F.3d at 873.  Accordingly, the district court's failure to discuss the appeal waiver during the plea colloquy did not affect Mr. Hernandez-Martinez's substantial rights, and the plain error standard has not been met in this case.

The government's motion to enforce the plea agreement is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM
