FILED
United States Court of Appeals
Tenth Circuit

November 13, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GENARO ESPINOZA,

Defendant-Appellant.

No. 07-3261
(D.C. No. 06-CR-40130-JAR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

Defendant Genaro Espinoza pled guilty, pursuant to a plea agreement, to

one count of possession of 10.01 kilograms (24 pounds) of cocaine hydrochloride

with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mr. Espinoza had

been charged in a two-count indictment but agreed to plead guilty to Count 2 in

return for the dismissal of Count 1. The district court sentenced Mr. Espinoza to

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

135 months' imprisonment, three years' supervised release, and the payment of a $100 special assessment. Although his sentence was within the statutory range and the plea agreement waived any right to appeal a sentence within the statutory range, Mr. Espinoza filed this appeal. Thereafter, the government moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Espinoza has responded that the motion should be denied because he did not understand that his sentence would be determined on the basis of the offense conduct charged in the dismissed Count 1, as well as the conduct in Count 2. He reasons that "[i]f he did not understand the relevant conduct portion of the plea agreement, it follows that he did not understand the appeal waiver, either." Resp. to Mot. for Enfcmt. of Plea Agrmt. at 2. As discussed below, we grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is

otherwise unlawful." *Id.* at 1327 (quotation omitted). For an "otherwise unlawful" waiver, the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1327.

The government's motion to enforce addresses each of the three *Hahn* factors. Mr. Espinoza, however, opposes the motion based only on the second factor. Thus, we need only address whether the waiver was knowing and voluntary. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing each *Hahn* factor need not be addressed if defendant does not make argument with respect to that factor).

In determining whether Mr. Espinoza's waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there was "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Espinoza bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted).

Mr. Espinoza fails to meet his burden. The plea agreement fully set forth the factual basis for the plea. It stated that he understood that the maximum term of imprisonment was not less than ten years, nor more than life imprisonment, a $4 million fine, a $100 mandatory special assessment, and not less than five

years of supervised release, Plea Agrmt. at 1, and that there had been no promises or representations as to what sentence the district court would impose, *id.* at 4. The plea agreement further stated that Mr. Espinoza "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence . . . except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id.* at 6.

Specifically with regard to Mr. Espinoza's relevant conduct, the agreement stated that "both the United States and the defendant understand that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 2." *Id.* at 2-3. Mr. Espinoza signed the agreement after acknowledging that he had read it and understood it, and that he was entering into the agreement because he was guilty and that he was doing so freely and voluntarily. *Id.* at 8.

Likewise, at the plea colloquy, Mr. Espinoza indicated that he understood the rights he was waiving and the terms of the plea agreement and that he was pleading guilty voluntarily. Tr. of Change of Plea Hr'g at 5-8. He stated that he had reviewed the plea agreement with his attorney and understood that he was giving up his rights to appeal. *Id.* at 5,7. The court specifically explained to Mr. Espinoza that the court would consider the quantity and type of drugs he had

possessed in arriving at a sentence. The court expressly stated that the quantity "would include the quantity of drugs in Count 2 of the indictment to which you're pleading guilty; *but it would also include the quantity of drugs in Count 1*." *Id.* at 13 (emphasis added). Mr. Espinoza indicated that he understood this and also understood that the greater the quantity of drugs determined to be in his possession, the longer the sentence would be. *Id.* at 14. Again, the court explained to Mr. Espinoza that it would "be looking at everything you did in this case," and Mr. Espinoza indicated that he understood. *Id.* at 15.

Nothing in the record suggests that Mr. Espinoza did not knowingly and voluntarily enter into the plea agreement. He presents no record evidence showing that he did not understand the waiver. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). "A mere silent record does not satisfy this burden." *Id.* at 873.

Knowledge of the specific claims of error in sentencing is not a prerequisite for a knowing waiver of the right to appeal the sentence. *Hahn*, 359 F.3d at 1326. In deciding whether a waiver is knowing and voluntary, the focus is on the "right relinquished" rather than on the "prospective result of the sentencing proceeding." *Id.* Therefore, Mr. Espinoza's inability to know what the district court would do at sentencing has no bearing on whether he knowingly and voluntarily entered into the waiver. Accordingly, based on the language of the plea agreement and

his reaffirmation of the plea agreement's provisions during the Rule 11 colloquy, we conclude Mr. Espinoza knowingly and voluntarily waived his right to appeal his sentence. We therefore GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM