**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VICTOR HUGO RAMOS,

Defendant-Appellant.

No. 08-3071
(D.C. No. 2:06-CR-20181-KHV-4)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **HOLMES**, Circuit Judges.


Victor Hugo Ramos pleaded guilty to conspiring to distribute and possess

with intent to distribute more than 1,000 kilograms of a mixture and substance

containing marijuana. By pleading guilty, Mr. Ramos agreed to waive "any right

to appeal or collaterally attack any matter in connection with [his] prosecution,

conviction and sentence." Plea Agreement at 8, para. 11. Despite waiving his

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

appellate rights, however, Mr. Ramos filed this appeal, prompting the government to move to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

Under *Hahn*, we will enforce an appeal waiver if: (1) "the disputed appeal falls within the scope of the waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* A miscarriage of justice occurs when (1) the district court relies on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, i.e., the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 1327.

Mr. Ramos challenges only the second *Hahn* factor, and thus we evaluate only whether he knowingly and voluntarily waived his appellate rights. *See United States v. Porter*, 405 F.3d 1136, 1142-45 (10th Cir. 2005) (addressing only those *Hahn* factors related to issues raised by defendant). To determine whether a defendant has knowingly and voluntarily entered into a plea agreement, we consider whether the plea agreement states that it was entered knowingly and voluntarily, and whether the court engaged in an adequate plea colloquy under Federal Rule of Criminal Procedure 11. *Hahn*, 359 F.3d at 1325. It is the

-2-

defendant's burden to establish "that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Mr. Ramos claims his appeal waiver was not knowing and voluntary because the district court failed to warn him during the plea colloquy that he was waiving his right to challenge the court's determination of the applicable sentencing range. He argues the court merely informed him that he could not appeal his sentence if it fell within the applicable range. This argument is belied by both the plea agreement and the Rule 11 colloquy, however. Mr. Ramos's plea agreement plainly states that "[b]y entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." Plea Agreement at 8, para. 11. It further provides that Mr. Ramos "waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id.* at 9. Mr. Ramos signed this plea agreement, acknowledging that he entered into it freely and voluntarily.

Likewise, the plea colloquy indicates that Mr. Ramos "knowingly waive[d] any right to appeal [the] sentence imposed which is within the guidelines range determined appropriate by the Court." Plea Tr. at 21. During the colloquy, Mr. Ramos confirmed that he had read the plea agreement, discussed it with his attorney, and had no questions about any of its provisions. Nonetheless, the court

explained that by agreeing to the appeal waiver, Mr. Ramos was forfeiting

"almost all of [his] rights" to "either directly appeal or indirectly challenge all of

the decisions that the Court might make in connection with the prosecution or the

conviction or the sentence." *Id.* at 23-24. The court specified that the sentence

imposed would be "strictly up to the Judge," *id.* at 25, and that Mr. Ramos could

not appeal any part of the sentence imposed so long as it fell within the applicable

guideline range or below the statutory maximum, *see id.* at 24. The court also

warned Mr. Ramos that it could consider almost any reliable information to

determine the appropriate sentence, including any prior criminal conduct and his

acceptance of responsibility for the offense. *Id.* at 26. Mr. Ramos stated that he

understood these provisions and was pleading guilty freely and voluntarily

because he was guilty. Thus, the plea colloquy and the plea agreement

demonstrate that Mr. Ramos waived his appellate rights knowingly and

voluntarily. Accordingly, because Mr. Ramos has failed to carry his burden to

show that the appeal waiver was not entered knowingly and voluntarily, we

GRANT the government's motion to enforce the appeal waiver and DISMISS the

appeal.

ENTERED FOR THE COURT
PER CURIAM

-4-