**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON EUGENE VERMILLION,

Defendant-Appellant.

No. 11-3153
(D.C. No. 5:10-CR-40028-JAR-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **HARTZ**, Circuit Judges.

---

After accepting a plea agreement that included a waiver of his right to

appeal, Jason Eugene Vermillion pleaded guilty to one count of conspiracy to

distribute 500 grams or more of a mixture and substance containing a detectable

amount of methamphetamine, a violation of 21 U.S.C. § 846. He was sentenced

to the term of imprisonment proposed in the plea agreement, 180 months. Despite

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the waiver, he appealed. The government now has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Vermillion contends that his appeal does not fall within the scope of the appeal waiver and that his plea was not knowing and voluntary. He concedes that the miscarriage-of-justice factor is inapplicable in this case.

*Scope of the Waiver*

Mr. Vermillion seeks to raise one argument on direct appeal: that the district court erred in refusing to order the presentence report (PSR) to be amended to delete a reference to him having been arrested for another crime, when those prior charges had been dismissed. Mr. Vermillion believes that this information could be prejudicial to his prison placement. He contends that this limited issue does not fall within the scope of his appeal waiver.

Mr. Vermillion's appeal waiver is quite broad:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C.

§ 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. . . . In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. . . .

Notwithstanding the forgoing [sic] waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Plea Agt. at 5-6.

Mr. Vermillion concedes that "[t]he Government correctly points to the first sentence of the Waiver Clause as the operative text." Resp. at 6. But he contends that "[h]e does not challenge the fact of his prosecution, his conviction, the length of his sentence or the conditions of his supervised release. As such, [his] appeal does not fall with in [sic] the scope of the waiver." *Id.* He also more specifically discusses why his PSR issue does not fall within the terms "components of the sentence" and "sentence imposed in this case."

Mr. Vermillion ignores, however, the first part of the first sentence of the waiver, namely his waiver of his right to appeal "any matter in connection with this prosecution." Even if his PSR issue does not constitute a component of his sentence or a part of the sentence imposed in this case, it qualifies as a matter connected with this prosecution. The issue does not fall into the explicit exceptions to the waiver listed in the plea agreement (ineffective assistance of

counsel and prosecutorial misconduct), and Mr. Vermillion was sentenced exactly as his plea agreement contemplated. Accordingly, this appeal falls within the scope of the appeal waiver.

*Knowing and Voluntary Waiver*

Mr. Vermillion also argues that his waiver was not knowing and voluntary because, during the Fed. R. Crim. P. 11 colloquy, the district court did not insure that he was fully informed of the nature of the case against him. He asserts that "it is far from certain that [he] understood the evidence the Government sought to present," and "[g]iven the paucity of his understanding of the case against him, it cannot be fairly stated that [he] knowingly and voluntarily entered into the Plea Agreement." Resp. at 10. It is his burden to demonstrate that his waiver was not knowing and voluntary. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

Although Mr. Vermillion calls into question the voluntariness of his plea, he does not seek to vacate his plea or to forego the advantages he received from his plea agreement. Rather, he simply wishes to avoid the appeal waiver. Thus, the proper focus of this argument is whether he knowingly and voluntarily accepted the *waiver*. Whether the district court erred in not further confirming whether Mr. Vermillion understood the nature of the evidence against him does not, by itself, make the waiver unknowing and involuntary. *See Hahn*, 359 F.3d at 1326 n.12 (describing what it called "the logical failings of focusing on the

-4-

result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is unknowing or involuntary"). Further, Mr. Vermillion misplaces his reliance on *United States v. Wilken*, 498 F.3d 1160 (10th Cir. 2007), regarding ambiguities created by a colloquy. *Wilken* involved the district court's error in discussing the waiver itself, not error in discussing some other aspect of the case. *Id.* at 1166-69.

In evaluating whether a waiver is knowing and voluntary, *Hahn* directs us to examine the plea agreement and the transcript of the Rule 11 colloquy. 359 F.3d at 1325. Both indicate that Mr. Vermillion knowingly and voluntarily accepted the appeal waiver. *See* Plea Agt. at 5 ("The defendant knowingly and voluntarily waives any right to appeal . . ."); Plea Hr'g Tr. at 9 (acknowledging the appeal waiver); *see also* Plea Agt. at 10 ("The defendant is entering into this agreement knowingly, freely, and voluntarily."); Plea Hr'g Tr. at 6 (acknowledging that he freely and voluntarily chose to enter into the plea agreement). Mr. Vermillion has not identified any evidence to the contrary.

The motion to enforce is GRANTED, and this appeal is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM


-5-