**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALEJANDRO SANCHEZ-SOSA,

      Defendant-Appellant.

No. 11-3325
(D.C. No. 2:10-CR-20108-KHV-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **KELLY** and **TYMKOVICH**, Circuit Judges.

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Alejandro Sanchez-Sosa pleaded guilty to conspiring to distribute, and to possess with the intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 846. Despite the waiver, he

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Sanchez-Sosa contends that he did not knowingly and voluntarily waive his appellate rights. Mr. Sanchez-Sosa bears the burden to demonstrate that his waiver was not knowing and voluntary. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).[1]

The backdrop for the plea agreement was Mr. Sanchez-Sosa's direction to his lawyer "towards the end of jury selection . . . to stop the trial and enter into Plea negotiations." Mot. to Enforce, Attach. at A20 (Plea Hr'g Tr.) According to Mr. Sanchez-Sosa, because jury selection and plea negotiations took place in "a single day," he "had very little time to understand and digest the meaning, scope and consequences of an appeal waiver." Resp. at 2-3. He also asks this court to consider the fact that he laughed when the judge asked him if he was satisfied with his lawyer's advice and representation, along with his limited

---

[1] Mr. Sanchez-Sosa concedes that the scope of the waiver and miscarriage-of-justice factors are inapplicable. Thus, we do not consider them. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

education and the necessity for a translator, as indicators that his waiver was not knowing and voluntary.

In evaluating whether an appeal waiver is knowing and voluntary, *Hahn* directs us to examine the plea agreement and the transcript of the Rule 11 colloquy. 359 F.3d at 1325. The agreement and colloquy indicate that Mr. Sanchez-Sosa knowingly and voluntarily accepted the waiver. *See* Mot., Attach. at A10 (Plea Agmt.) ("The defendant knowingly and voluntarily waives any right to appeal . . ."); *see, e.g., id.* at A55 ("Yes. I understand that I cannot appeal"); and *id*. at A59 ("THE COURT: Are you telling me that this plea is free and voluntary? THE INTERPRETER: Yes."). Mr. Sanchez-Sosa has not identified any evidence to the contrary.

The motion to enforce is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM