FILED
United States Court of Appeals
Tenth Circuit

April 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDUARDO CAZARES-QUEZADA,

Defendant - Appellant.

No. 14-2207
(D.C. No. 2:14-CR-02587-RB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **HARTZ**, Circuit Judges.

Pursuant to a fast track plea agreement with a broad appeal waiver, Eduardo Cazares-Quezada pleaded guilty to illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b) and was sentenced to thirty-three months' imprisonment. Despite his appeal waiver, he filed a notice of appeal. The government has moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion to enforce and dismiss this appeal.

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn* we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. Mr. Cazares-Quezada does not dispute that this appeal is within the scope of the appeal waiver or that enforcing the waiver would not result in a miscarriage of justice. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (stating that court need not address *Hahn* factor not in dispute).

Mr. Cazares-Quezada argues that the appeal waiver should not be enforced because his plea was not knowing and voluntary. He asserts that he was promised during the plea colloquy, but did not receive, a four-level downward departure. He concedes that the plea agreement stated that he would receive a four-level departure unless the prosecutor exercised discretion to seek only a two-level departure. But he maintains that the colloquy created ambiguity and he was led to assume, based on the prosecutor's silence and his counsel's confirmation of a four-level departure, that the prosecutor would not exercise discretion to seek only a two-level departure.

Mr. Cazares-Quezada bears the burden to show that his appeal waiver is not knowing and voluntary.[1] *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir.

___

[1] Mr. Cazares-Quezada recognizes that he bears the burden, but "to preserve the issue for possible en banc and/or Supreme Court review, [he] contends this court should do as other circuits do and place the burden on the government to prove the waiver was knowing and voluntary, or at least require the record to clearly establish

(continued)

- 2 -

2003).  In deciding whether an appeal waiver is knowing and voluntary, *Hahn*

requires us to look at the language of the plea agreement and the adequacy of the plea

colloquy.  *See United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir.), *cert.*

*denied*, 135 S. Ct. 494 (2014).  "In making this evaluation, we consider the totality of

the circumstances, recognizing the synergistic effect of both the express language of

the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing

inquiry of a proper [Federal Rule of Criminal Procedure] 11 colloquy."  *Id*. (internal

quotation marks omitted).

Mr. Cazares-Quezada's plea agreement stated that his sentence would be

decided by the district court, after the presentence report was prepared and he had

had an opportunity to make certain permitted arguments.  The parties agreed to a

four-level downward departure under the fast-track program, unless the government

learned that Mr. Cazares-Quezada had a prior conviction for a serious violent

offense, in which case he would receive a two-level downward departure.  Fast Track

Plea Agreement at 5 (stating government had "sole discretion to determine whether a

prior offense constitutes a 'serious violent offense'").  Additionally, the plea

agreement stated that Mr. Cazares-Quezada knowingly waived his right to appeal any

sentence, so long as it did not exceed the statutory maximum of twenty years'

imprisonment.  Also, it stated that he freely and voluntarily entered into the

_____

that prerequisite for waiver enforcement."  Resp. to Mot. to Enforce at 11 (citing
cases).

agreement and there were no representations made about the sentence the court would impose.

At the plea hearing, the magistrate judge engaged in a colloquy with both Mr. Cazares-Quezada and another fast track defendant. Counsel for the other defendant summarized that defendant's plea agreement, briefly noting that it provided for a four-level departure from his base offense level. Mr. Cazares-Quezada's counsel indicated that Mr. Cazares-Quezada's plea agreement was identical to the other defendant's plea agreement. And Mr. Cazares-Quezada himself affirmed that the summary of the other defendant's plea agreement matched his understanding of his own plea agreement. He also affirmed that he understood that the district court would sentence him at the court's discretion, possibly to a harsher sentence than that estimated by counsel, and that he was "giving up [his] right to appeal in virtually all circumstances." Plea Hr'g Tr. at 11-12.

At sentencing, Mr. Cazares-Quezada, who had not objected to the pre-sentence report, received only a two-level departure. Counsel indicated that Mr. Cazares-Quezada had committed a violent offense and that the prosecutor would not agree to the four-level departure.

Under the totality of the circumstances, we conclude that Mr. Cazares-Quezada has failed to show he did not knowingly and voluntarily enter into the appeal waiver. It is true that "[s]tatements made during a plea colloquy that create ambiguity as to the rights being waived may preclude our enforcement of the

waiver." *United States v. Vidal*, 561 F.3d 1113, 1118 (10th Cir. 2009). But there was no ambiguity created by the magistrate judge in discussing the waiver. Any ambiguity arose from the abbreviated discussion concerning the sentence that might be imposed. In challenging his appeal waiver, Mr. Cazares-Quezada may not focus on the sentence he received; rather the focus is on the rights he relinquished. *See Hahn*, 359 F.3d at 1326 & n.12 (describing "the logical failings of focusing on the result of a proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is unknowing or involuntary").

Accordingly, we grant the government's motion to enforce, and we dismiss this appeal.

Entered for the Court
Per Curiam