FILED
United States Court of Appeals
Tenth Circuit

July 7, 2015

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KYLE A. HANAHAN,

Defendant - Appellant.

No. 15-1072
(D.C. No. 1:14-CR-00269-RM-1)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **HARTZ**, and **McHUGH**, Circuit Judges.

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Kyle A. Hanahan pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1). He was sentenced to 108 months' imprisonment. Despite his waiver, he filed an appeal. The government has moved to enforce Hanahan's appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Hanahan's counsel has filed a response in which Hanahan "concedes that the appeal waiver contained in his plea agreement is enforceable" under *Hahn*. Aplt. Resp. at 1.

Our independent review confirms that the proposed issues for appeal fall within the scope of the waiver or raise a claim of ineffective assistance of counsel that Hanahan may not pursue on direct appeal, *see United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (stating rule, with "rare exception" not applicable here, that ineffective-assistance claims must be brought in a collateral proceeding). The plea agreement clearly sets forth the appeal waiver and states that it was knowing and voluntary, and the district court discussed the waiver and confirmed Hanahan's understanding of it during his change of plea hearing. Moreover, there is no evidence contradicting Hanahan's knowing and voluntary acceptance of the waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam