FILED
United States Court of Appeals
Tenth Circuit

October 2, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AMANDA NICOLE BYNUM,

    Defendant - Appellant.

No. 24-5061
(D.C. No. 4:23-CR-00091-JDR-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **EBEL**, and **BACHARACH**, Circuit Judges.
_____

Pursuant to a plea agreement, appellant Amanda Nicole Bynum pled guilty to child neglect and enabling child abuse in Indian Country and was sentenced to 120 months' imprisonment followed by five years of supervised release. Under the terms of her plea agreement, Bynum waived her right of direct appeal unless the sentence imposed exceeded the statutory maximum for her crimes, which is life in prison. She nonetheless filed the instant appeal challenging her conviction and sentence. The government has moved to enforce the appellate waiver in the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating whether to enforce an appellate waiver under *Hahn*, we ask "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Bynum concedes this appeal falls within the scope of her waiver but argues the waiver was not knowing and voluntary and that enforcing it would result in a miscarriage of justice.

***Knowing and Voluntary Waiver***. Two factors are especially relevant to our knowing-and-voluntary analysis—first, the language of the plea agreement itself and second, the adequacy of the plea colloquy required by Federal Rule of Criminal Procedure 11. *Id.* Bynum does not challenge the adequacy or clarity of the plea agreement's waiver language. Nor could she. It plainly states, "[t]he defendant waives rights under 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a) to directly appeal the conviction and sentence . . .; except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum." R. vol. 1 at 69. Moreover, Bynum explicitly acknowledged that her "counsel ha[d] explained her appellate and post-conviction rights; that [she understood] her rights; and that [she] *knowingly and voluntarily* waive[d] those rights." *Id.* at 70 (emphasis added).

Bynum's argument centers on the adequacy of the Rule 11 colloquy. Specifically, Bynum claims she has a below-average IQ score of 68 and was "on and off unspecified medication to treat undisclosed psychiatric disorders" at the time of her plea. Opp. to Mot. to Dismiss at 7. Given these circumstances, Bynum argues

2

her appellate waiver could not have been knowing and voluntary. She claims that "[h]ad [she] fully understood the impact of her plea as well as the appellate waiver it contained, she may have chosen to proceed to trial or enter her plea in the absence of a plea agreement to avoid the appeal waiver provision." *Id.* We are not persuaded.

First, the transcript of the plea colloquy eliminates any concern over the medication issue. During the colloquy, Bynum reported she had previously taken medication for depression and anxiety but was not on those medications at that time. The court followed up with defense counsel to clarify that Bynum was not currently being treated for any mental health issues. And it went on to ensure Bynum understood the proceedings in her current unmedicated state, asking Bynum, "[s]o does the absence of – the fact that you're not on those medications, do you feel like you understand what's going on here today?" R. vol. 3 at 23. Bynum answered, "Yes, ma'am." *Id.* Bynum further assured the court that being unmedicated was not affecting her "ability to understand and think clearly." *Id.* at 23-24. And she has offered no evidence that suggests her comprehension was compromised by the absence of psychiatric medication in her system.

Second, even accepting Bynum's unsupported claim about her below-average IQ score, she cites no authority for her argument that such a measurement, standing alone, negated her competency to waive her appellate rights.[1] We are aware of no

---

[1] We note Bynum has not challenged the validity of her guilty plea. Rather, her competency argument is focused exclusively on that part of the plea agreement in which she relinquished her appellate rights.

such authority. The well-settled standard for evaluating a criminal defendant's competency is "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks omitted); *see also id.* at 398-99 (holding the competency standard is the same whether the defendant pleads guilty or stands trial). In reviewing competency issues, we are mindful of the district court's superior vantage point from which to assess the defendant's understanding of the proceedings. *See United States v. Landa-Arevalo*, 104 F.4th 1246, 1254 (10th Cir.) (noting "a defendant's behavior and demeanor play central roles in a competency determination"), *petition for cert. filed,* ___ U.S. ___ (Sept. 24, 2024).

Bynum has given us no reason to second-guess the district court's Rule 11 colloquy or ultimate decision to accept her guilty plea pursuant to a plea agreement that included an appeal waiver. Bynum's counsel informed the court she had read the plea agreement and plea petition to her client "word for word and also explained the terms that weren't familiar to [Bynum] and the concepts related to the plea agreement." R. vol. 3 at 22. Bynum's counsel stated she'd had no "special difficulty communicating with Ms. Bynum," and believed Bynum understood the proceedings and was competent to proceed. *Id*. at 24. Bynum confirmed the truth of these statements and told the court she was satisfied with her counsel's representation. Aside from claiming she has a below-average IQ, Bynum offers nothing to counter this evidence. We thus conclude she has failed to demonstrate her waiver was not

4

knowing and voluntary. *See United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003) (explaining defendant bears the burden to establish waiver was not knowing and voluntary and cannot do so on a "silent record").

***Miscarriage of Justice***.  "The third prong of our enforcement analysis requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1327.  Here we ask whether (1) the district court relied on an impermissible factor; (2) the defendant suffered from ineffective assistance of counsel in negotiating the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful.  *Id.*  Under the fourth situation, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings."  *Id.* (brackets and internal quotation marks omitted).

Presumably claiming her waiver was otherwise unlawful, Bynum argues that "accepting [her] plea despite her low IQ score and unclear history of psychiatric disorders and inconsistent medications would seriously affect the fairness, integrity, or public reputation of judicial proceedings."  Opp. to Mot. to Dismiss at 8 (internal quotation marks omitted).  This argument suffers from the same failings we have already identified and need not reiterate here.  Additionally, the district court did not rely on an impermissible factor, such as race, in sentencing Bynum.  Bynum does not allege ineffective assistance of counsel.  And her sentence does not exceed the statutory maximum.  We therefore conclude enforcing her appeal waiver will not result in a miscarriage of justice.

We grant the government's motion to enforce Bynum's appellate waiver and dismiss this appeal.

Entered for the Court

Per Curiam