**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUSSELL WAGHER,

Defendant-Appellant.

No. 08-4111
(D.C. No. 1:06-CR-00027-DB-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **HARTZ**, Circuit Judges.

---

Russell Wagher pleaded guilty to one count of using a communication facility to facilitate a conspiracy to manufacture marijuana in violation of 21 U.S.C. § 843(b). His plea agreement stipulated that he would be sentenced to twenty-four months of imprisonment. The district court approved the stipulated sentence and imposed it. Mr. Wagher's plea agreement also contained a waiver of

---

[*]   This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his right to appeal. Nonetheless, Mr. Wagher appealed. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Wagher has responded and the government has filed a reply.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325.

*Within Scope of Waiver*

The first *Hahn* factor is whether the appeal falls within the scope of the appellate waiver. *Id.* Mr. Wagher seeks to appeal his sentence. His statement in advance of guilty plea reads:

> 8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. Section 3553(a), the sentence is unreasonable.
> . . .
> 10. I fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction . . .; and (2) a sentence above the high-end of the guideline range as determined by the District Court at sentencing, or, in the event that no such

-2-

determination is made by the District Court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

. . .

I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; (3) any orders of restitution; and (4) any orders of forfeiture.

Aplt. Resp., Exh. 1 at 3, ¶¶ 8, 10.

Mr. Wagher argues that in paragraph 8 he retained the ability to appeal a sentence that is unreasonable in light of the factors listed in 18 U.S.C. § 3553(a). It is apparent, however, that paragraph 8 is a description of the right to appeal that Mr. Wagher would have had in the absence of the paragraph 10 waiver, not an exception to that waiver.

Mr. Wagher also argues that the prosecution misrepresented the quantity of contraband involved, and concludes that "[b]ecause the prosecution misrepresented the quantity of contraband to both Wagher and the Court, the Court in fact sentenced Wagher above the maximum penalty allowed by statute." Aplt. Resp. at 6. This argument confuses the statutory maximum with the maximum under the advisory Sentencing Guidelines. By the plain terms of the agreement, the statutory maximum is the maximum provided in the statute of conviction. *See United States v. Porter*, 405 F.3d 1136, 1142-43 (10th Cir. 2005). The statutory maximum is four years, regardless of contraband quantity. *See*

21 U.S.C. § 843(d)(1); *see also* Aplt. Resp., Exh. 1 at 1 ¶ 2 (reciting the statutory maximum of four years of imprisonment). Mr. Wagher's sentence was only one-half of the statutory maximum penalty.

As for the other potential exception to the waiver, the district court did not calculate a Guidelines range. The twenty-four-month sentence, however, fell well below the Guidelines range set forth in the presentence report. *Id.*, Exh. 6 at 12 ¶ 50. Accordingly, this appeal falls within the scope of the appellate waiver.

*Knowing and Voluntary Waiver*

In determining whether Mr. Wagher's appeal waiver was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Mr. Wagher bears the "'burden to present evidence from the record establishing that he did not understand the waiver.'" *Id.* at 1329 (quoting *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003)).

The plea agreement appeal waiver states that the waiver is knowing and voluntary. Aplt. Resp., Exh. 1 at 3 ¶ 10. Further, the plea agreement states that "[n]o threats or promises of any sort have been made" to induce Mr. Wagher's plea, and the "decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea." *Id.* at 8 ¶¶ 2, 6.

-4-

Thus, the language of the plea agreement indicates that Mr. Wagher entered the agreement, including the appeal waiver, knowingly and voluntarily.

Further, the district court addressed the waiver during the Rule 11 colloquy with Mr. Wagher: "In this written document, statement by defendant in advance of plea of guilty, you have indicated that you are giving up your right to appeal any sentence but, of course, the sentence is going to be 24 months. If you don't like that deal, then you don't need to plead guilty today . . . ." Mot. to Enforce. Attach. B at 6. Later, the waiver was discussed again:

> [Prosecutor]: . . . I would just like to make sure that the defendant understands that there is an appellate waiver in this case. You may have missed that, Your Honor. We talked about that before, but I wanted to make sure that that was on the record.
> THE COURT: I already did, I thought.
> [Defense Counsel]: You did.
> THE COURT: You know you can't appeal your sentence, correct?
> MR. WAGHER: Yes.
> THE COURT: You have waived that right.

*Id.* at 15.

Mr. Wagher argues that the government misled him "as to the actual quantity of contraband with which he would be sentenced" and that "the prosecution's failure to disclose the proper quantity of contraband constituted the procedural error which rendered the plea agreement infirmed and the contract that it represents unenforceable." Aplt. Resp. at 1, 5. These arguments do not persuade us that the waiver was not knowing and voluntary.

First, Mr. Wagher's arguments regarding the quantity of contraband do not necessarily mean that his waiver was not knowing and voluntary. There is no indication in the record that Mr. Wagher's decision to waive his appellate rights, or even his decision to enter into the plea agreement as a whole, was based on knowing the precise quantity of contraband. Mr. Wagher knew that the statutory maximum was four years of imprisonment. Rather than having the district court calculate a Guidelines range, Mr. Wagher chose to make the contraband quantity irrelevant by agreeing to a stipulated sentence. In hindsight, he may believe that he would have ended up with a lower sentence had the district court calculated a Guidelines range. But his regret of his decision to rely on a known sentence rather than an unknown one does not negate the appellate waiver.

In any event, though, this argument is baseless. Mr. Wagher points out that his co-defendant received a much shorter sentence and offers his own suppositions as to the reasons for the disparity in sentencing, primarily that the sentencing calculation must have involved a greatly reduced quantity of contraband. Therefore, he concludes, the government must have overstated the quantity in Mr. Wagher's case. These suggestions are not supported by the record, which indicates that the co-defendant's sentence was the result of his particular circumstances, including cooperation and substantial assistance, that persuaded the district court to make a very significant downward departure.

We conclude that the appellate waiver was knowing and voluntary.

*Miscarriage of Justice*

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. This element requires Mr. Wagher to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1327 (quotation omitted). As discussed above, his sentence did not exceed the statutory maximum. There is no indication in this record that it relied on an impermissible factor or that his counsel was ineffective in connection with the negotiation of the waiver. And there is no indication that the waiver is otherwise unlawful. We conclude that enforcing the waiver would not result in a miscarriage of justice.

The motion to enforce plea agreement is GRANTED and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM