FILED
United States Court of Appeals
Tenth Circuit

October 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOLENE ELIZABETH PEARCE,

Defendant - Appellant.

No. 09-5173
(D.C. No. 4:09-CR-00093-GKF-2)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jolene Elizabeth Pearce pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On appeal, Ms. Pearce argues that the district court failed to elicit a sufficient factual basis to support her guilty plea. We take jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM

_____

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Pearce's conviction.

## I. BACKGROUND

On March 12, 2009, Tulsa police officers received a call from the Rest Inn Motel reporting a suspected methamphetamine lab in one of its rooms. Upon arrival, they were directed to the room in question where they encountered Ms. Pearce's twelve-year-old son, who informed them that Ms. Pearce and Roy Brown, Jr. had left about forty-five minutes before. The officers exited the hotel and observed Ms. Pearce and Mr. Brown standing near a pickup truck.

As they approached Ms. Pearce and Mr. Brown, the officers saw Mr. Brown place a gun in the front seat of the truck. They immediately arrested Mr. Brown and searched him. During the search of Mr. Brown, officers found plastic baggies containing Ecstasy, Xanax, marijuana, methamphetamine, and cocaine base, as well as $1,156.00 in cash. The officers also searched Ms. Pearce, finding $153.00 in cash. After Mr. Brown and Ms. Pearce were advised of their *Miranda* rights, they both stated that all the drugs, except for the marijuana, belonged to Ms. Pearce.

On June 2, 2009, a federal grand jury indicted Ms. Pearce for possessing methamphetamine with the intent to distribute. On August 10, 2009, Ms. Pearce sought to enter a plea of guilty. After completing the Rule 11 colloquy and concluding that each element of the offense was "supported by an independent basis in fact," the district court accepted Ms. Pearce's plea. The district court ultimately sentenced her to twenty-four months' imprisonment. Ms. Pearce now appeals the district court's acceptance of her

guilty plea, asking that we vacate her conviction so that she may stand trial.

## II. DISCUSSION

Ms. Pearce's sole contention on appeal is that the district court erred in accepting her guilty plea because there was an insufficient factual basis to support it. In support of her challenge, Ms. Pearce contends that the district court failed to question her "in a manner that would require her to provide a sufficient factual basis in her own words" and that such questioning was required due to her "coached responses" and the obvious incredulousness of her self-incriminating statements. She further maintains that there was insufficient evidence that she possessed the drugs in question, and that the prosecutor misrepresented the record evidence during the plea hearing.

Because Ms. Pearce failed to object on Rule 11 grounds at sentencing, we review the district court's acceptance of her plea for plain error. *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects the defendant's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008).

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The court may consider "anything that appears in the record" when making its determination. *United States v. Keiswetter*, 860 F.2d 992, 996 (10th Cir. 1988) (internal quotations and emphasis omitted). "'An inquiry might be made of the defendant, of the attorneys for the government and the

defense, of the presentence report when one is available, or by whatever means is appropriate in a specific case.'" *Id.* (quoting Notes of Advisory Committee on Rules, 1974 Amendment to Rule 11).

Thus, Rule 11 does not require the district judge to question the defendant as to the factual basis for a guilty plea; rather, the rule simply imposes an obligation on the judge to "determine *that there is* a factual basis for the plea." Fed. R. Crim. P. 11(b)(3) (emphasis added). Questioning the defendant is merely one method, albeit a laudable and effective one, of ascertaining that such a factual basis exists. *See* Notes of Advisory Committee on Rules, 1974 Amendment to Rule 11 ("An inquiry might be made . . . *by whatever means is appropriate* in a specific case.") (emphasis added). Nevertheless, whatever the chosen method, it is "'incumbent upon the judge to produce a record on the basis of which we can determine that his discretion was not abused.'" *Keiswetter*, 860 F.2d at 996 (quoting *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979)).

Taken as a whole, the record evidence is sufficient to support each element of the charge to which Ms. Pearce pleaded guilty. Specifically, Ms. Pearce argues that there was insufficient evidence that she possessed the drugs because they were found in Mr. Brown's actual possession. Possession, however, can be actual or constructive. *United States v. Avery*, 295 F.3d 1158, 1177 (10th Cir. 2002). Constructive possession "exists when a person knowingly has ownership, dominion, or control over the particular object." *Id.* (quotations omitted). There is ample evidence in the record showing that Ms. Pearce knowingly had ownership or control over the drugs.

First, the record contains Ms. Pearce's post-*Miranda* statement that the methamphetamine belonged to her, a statement corroborated by Mr. Brown.  Second, before it accepted Ms. Pearce's plea, the district court considered her Petition to Enter Plea of Guilty, which described the facts supporting the charge against her.  In the Petition, she stated:

> I was in possession of Methamphetamine a schedule II controlled substance.  I was planning on distributing the methamphetamine to other persons.  Roy Brown, Jr. was holding the drugs at my request.  All of these events occurred in Tulsa, Oklahoma which is part of the Northern District of Oklahoma.  This occurred on March 12, 2009.

Petition to Enter Plea of Guilty, at 2.  Third, at the plea hearing, the district judge asked Ms. Pearce to explain in her own words her conduct which would make her guilty of the charged crime.  She stated that she "was in possession of methamphetamines [sic] and [] intended to distribute them [sic] to other persons."  Finally, the judge asked the government to make a proffer of the facts it intended to prove at trial.  The Assistant United States Attorney stated:

> The government's evidence would be that on March 12th of this year Tulsa Police Department responded to a possibly [sic] methamphetamine laboratory call at the Rest Inn located at 7475 East Admiral Place, Tulsa, Oklahoma, Northern District of Oklahoma.  While there the police came into contact with Roy Brown and the defendant here, Jolene Pearce.  During the search of defendants Brown and Pearce several individual baggies of methamphetamine were discovered.  After being mirandized [sic], Pearce told police the methamphetamine was hers.  Tulsa police would state that based upon the packaging of the drugs, the large amount of money found, and the evidence of a methamphetamine laboratory in the motel room of Pearce and Brown, the methamphetamine possessed found [sic] was for

distribution.[1]

This evidence supports the district court's determination that Ms. Pearce had possession of the drugs.

Thus, after reviewing the record, we agree with the district court that there is an adequate factual basis in the record for Ms. Pearce's guilty plea. Accordingly, we conclude that the district court did not err in accepting her plea.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM Ms. Pearce's conviction.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Ms. Pearce contends that the prosecutor misrepresented that there was "evidence of a methamphetamine laboratory in the motel room" because the responding officer did not initially consider the room to be a methamphetamine lab.  The officer's subjective belief, however, is irrelevant to whether the evidence supports the existence of a methamphetamine lab as a matter of law.  Moreover, even without the prosecutor's proffer of evidence, Ms. Pearce's representations to the court alone provide a sufficient factual basis for the plea.