FILED
United States Court of Appeals
Tenth Circuit

February 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM THOMAS SCOTT,

Defendant-Appellant.

No. 10-4155
(D.C. No. 2:07-CR-00515-CW-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant William Thomas Scott entered a guilty plea to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 60 months' imprisonment and ordered to pay restitution in the amount of $219,546.10 to one of the known victims involved in the child pornography that he was convicted of possessing. His plea agreement included a waiver of his right to appeal his sentence, including any orders of restitution.

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Nonetheless, Mr. Scott has now filed an appeal seeking to challenge his sentence. The government has moved to enforce the appeal waiver in the plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id*. at 1325. In response to the government's motion to enforce his appeal waiver, Mr. Scott argues that his appeal is outside the scope of the waiver and that enforcing the waiver would result in a miscarriage of justice.

Scope of the Waiver

In his plea agreement, Mr. Scott waived his right to appeal his sentence, including "the manner in which the sentence is determined." Mot. to Enforce, Att. A at 4. He stated that he understood and agreed that the word "sentence" included "any orders of restitution." *Id*. The plea agreement included two express exceptions to the waiver. Mr. Scott did not waive his right to appeal "(1) a sentence above the maximum penalty provided in the statute of conviction"; or "(2) a sentence above the high-end of the guideline range as determined by the district court at sentencing." *Id*. He was sentenced to 60 months' imprisonment, which was below the suggested guideline range of 78 to 97 months. The second

-2-

exception noted above is therefore not applicable in this case. Although Mr. Scott initially indicated in his docketing statement that he wanted to appeal the length of his term of imprisonment, he now contends he wants to appeal the amount of his restitution order. He asserts that the restitution order of $219,546.10 exceeds the statutory maximum penalty and is therefore outside of the scope of his appeal waiver. We disagree.

Although Mr. Scott attempts to couch his argument to fit within the first exception to his appeal waiver noted above, his sentence does not exceed the maximum penalty of ten years of imprisonment in the statute of conviction, *see* 18 U.S.C. § 2252A(b)(2), and there is no maximum limitation on the amount of restitution that may be imposed under the applicable mandatory restitution statute for sexual exploitation and other abuse of children, *see id*. § 2259. Mr. Scott's argument seeks to challenge the district court's determination that it was required by statute to hold Mr. Scott jointly and severally liable for restitution in the amount of $219,546.10 because Mr. Scott was convicted of possessing child pornography involving a known child victim (pseudonym "Vicky"), *see* Mot. to Enforce, Att. C at 23. Mr. Scott wants to argue on appeal that his conduct was not the proximate cause of Vicky's losses and therefore he should not be required to pay restitution. This represents a legal challenge to the calculation of his sentence and falls within the scope of his appeal waiver.

<u>Miscarriage of Justice</u>

To establish that enforcement of an appeal waiver would result in a miscarriage of justice, a defendant must show one of the following circumstances: (1) the district court relied upon an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful. *Hahn*, 359 F.3d at 1329. Mr. Scott argues that his appellate waiver should not be enforced because his sentence exceeds the statutory maximum and he received ineffective assistance of counsel in connection with the negotiation of his appellate waiver.

As we discussed above, Mr. Scott's sentence does not exceed the statutory maximum and does not provide a basis for applying the miscarriage-of-justice exception to enforcing the appeal waiver. With respect to Mr. Scott's claim for ineffective assistance of counsel in connection with the negotiation of the plea waiver, we decline to reach the merits of this claim on direct appeal because such claims must ordinarily be brought in collateral proceedings. *See United States v. Porter*, 405 F.3d 1136, 1143-44 (10th Cir. 2005); *United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003). We are not persuaded by Mr. Scott's argument that we should depart from this longstanding practice in his case.

Accordingly, we GRANT the motion to enforce the appeal waiver, without prejudice to defendant's right to file a 28 U.S.C. § 2255 motion asserting ineffective assistance of counsel in connection with the negotiation of his appeal waiver[1], and we DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM

---

[1] Mr. Scott also argues that he received ineffective assistance of counsel at sentencing. We have held "that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Mr. Scott's plea agreement contains a waiver of his right to seek collateral review of his sentence. *See* Mot. to Enforce, Att. A at 4. Mr. Scott has therefore waived his right to bring a § 2255 proceeding based on ineffective assistance of counsel at sentencing. *See Cockerham*, 237 F.3d at 1191. We decline Mr. Scott's invitation to modify or reverse our existing precedent.