**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KENYATTA WAYNE ACEY,

Defendant-Appellant.

No. 10-6292
(D.C. No. 5:10-CR-00153-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

After entering into a plea agreement that included an appeal waiver,

Kenyatta Wayne Acey pleaded guilty to one count of possession with intent to

distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). The district

court sentenced him to 262 months of imprisonment. When he appealed, the

United States moved to enforce the waiver. *See United States v. Hahn*, 359 F.3d

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  Mr. Acey's counsel responded on his behalf and also moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Mr. Acey was afforded the opportunity to respond, *see id.* at 744, but as of the date of this order, the court has not received any filing from him.

We must examine all the proceedings to determine whether it would be frivolous to oppose the motion to enforce the appeal waiver.  *See id.*  Under *Hahn*, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  359 F.3d at 1325.

## 1.  Scope of the Waiver

The first step is to consider "whether the disputed appeal falls within the scope of the waiver of appellate rights."  *Id.*  According to the docketing statement, Mr. Acey wishes to argue that the district court should have lowered his offense level and advisory guideline range by retroactively applying the new range of punishment for crack cocaine offenses set forth in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

The appeal waiver provides:

[D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:

a. Appeal . . . his guilty plea, sentence and restitution imposed, and any other aspect of his conviction . . .;

b. Appeal . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guidelines range determined by the Court to apply to this case. . . .

c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Mot. to Enforce, Attach. 1 at 5-6. This waiver is extremely broad, covering almost every challenge to the conviction or sentence. Mr. Acey's 262-month sentence is the low end of the guidelines range determined by the district court, and his Fair Sentencing Act issue is a challenge to the manner in which his sentence was determined. Therefore, the issue to be raised on appeal falls within the scope of the waiver. There is no non-frivolous argument regarding the satisfaction of the first *Hahn* factor.

### 2. *Knowing and Voluntary*

The second step is to determine "whether the defendant knowingly and voluntarily waived his appellate rights." *Hahn*, 359 F.3d at 1325. In evaluating whether a waiver was knowing and voluntary, "we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and "we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

Both the waiver and the plea colloquy set forth the waiver and establish that Mr. Acey entered into it knowingly and voluntarily. The waiver itself informed Mr. Acey of his appeal rights and stated the waiver was knowing and voluntary. Further, just before the signature block, Mr. Acey confirmed that he had discussed the plea agreement with his counsel and that he understood and accepted the terms. During the plea colloquy, the court confirmed that he entered his plea voluntarily and of his own free will, established his understanding of the plea agreement, covered the right to appeal and the waiver of that right, and again confirmed Mr. Acey's consent to the terms of the plea agreement.

It is the defendant's "burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). Nothing in the record before us indicates that Mr. Acey did not enter into the waiver knowingly and voluntarily. Therefore, there is no non-frivolous argument regarding the satisfaction of the second *Hahn* factor.

### *3. Miscarriage of Justice*

The final step in the analysis is to determine "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. A miscarriage of justice occurs where (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds

-4-

the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id.* at 1327 (quotations omitted).  Nothing in the record indicates that any of these factors are implicated in this case.  Like the other two factors, there is no non-frivolous argument regarding the satisfaction of the third *Hahn* factor.

Because there are no non-frivolous grounds to oppose the enforcement of the appeal waiver, the motion to withdraw as counsel is GRANTED, the motion to enforce the plea agreement is GRANTED, and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM