**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENYATTA WAYNE ACEY,

Defendant - Appellant.

No. 12-6321
(W.D. Oklahoma)
(D.C. Nos. 5:12-CV-00711-F and
5:10-CR-00153-F-1)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Federal prisoner, Kenyatta Wayne Acey, seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Acey's request for a certificate of appealability

("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be taken from a

"final order in a proceeding under section 2255" unless the movant first obtains a

COA). Because Acey has not "made a substantial showing of the denial of a

constitutional right," this court **denies** his request for a COA and **dismisses** this

appeal. *Id*. § 2253(c)(2).

Acey pleaded guilty to one count of possession with intent to distribute

cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). He was sentenced to

262 months' imprisonment. Although the written plea agreement contained a waiver of Acey's right to directly appeal or collaterally attack his conviction and sentence, he filed a direct appeal with this court. *United States v. Acey*, 247 F. App'x 808 (10th Cir. 2011) (unpublished disposition). This court enforced the waiver and dismissed Acey's appeal. *Id*. at 810.

Acey filed the instant § 2255 motion on June 22, 2012, asserting he should have been sentenced pursuant to the Fair Sentencing Act of 2010. *See Dorsey v. United States*, 132 S. Ct. 2321, 2331 (2012). The district court concluded this claim fell within the scope of a knowing and voluntary waiver. *See United States v. Hahn*, 359 F.3d 1315, 1325-27 (10th Cir. 2004). The court further concluded that enforcing the waiver would not result in a miscarriage of justice. Accordingly, the court enforced the waiver as to the Fair Sentencing Act claim.

The district court resolved Acey's ineffective assistance claim relating to the negotiation of his plea agreement on the merits after determining that claim did not fall within the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The court, however, denied relief, concluding Acey's nonspecific allegations of ineffective assistance were insufficient to show deficient performance. The court further concluded Acey failed to show any prejudice flowing from counsel's performance.

To be entitled to a COA, Acey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite

showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Acey has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Acey need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Acey's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Acey's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Acey's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-3-