FILED
United States Court of Appeals
Tenth Circuit

July 18, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEJANDRO OVIEDO-TAGLE,

Defendant-Appellant.

No. 13-3095
(D.C. No. 5:11-CR-40055-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Alejandro Oviedo-Tagle pled guilty to one count of conspiracy to possess with

intent to distribute 500 grams or more of methamphetamine.  He was sentenced to

300 months' imprisonment, which was below the advisory Guidelines range of 324 to

405 months.  Mr. Oviedo-Tagle's plea agreement contained a waiver of his right to

appeal from his conviction or sentence.  In spite of this waiver, he filed a notice of

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal seeking to challenge his conviction and sentence. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Oviedo-Tagle asserts that the waiver should not be enforced because he did not knowingly and voluntarily waive his appellate rights and he received ineffective assistance of counsel.

*Knowing and Voluntary Waiver*

In determining whether Mr. Oviedo-Tagle knowingly and voluntarily waived his appellate rights, we consider "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Id.*

The plea agreement states that Mr. Oviedo-Tagle "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein . . . ." Plea Agreement at ¶ 13 (attached to Motion to Enforce). Mr. Oviedo-Tagle signed the plea agreement after representing that he "read the plea

agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion." *Id.* ¶ 19.

At Mr. Oviedo-Tagle's change of plea hearing, the prosecutor stated on the record that the plea agreement included an appellate waiver. During the plea colloquy, the district court asked Mr. Oviedo-Tagle if there was anything the prosecutor said that he did not understand or that he did not agree with. He responded: "Everything is fine." Tr. 5/25/12 at 7. The district court also explained:

> As [the prosecutor] mentioned, one of the provisions of your plea agreement is that you['re] agreeing to give up your rights of appeal. This is explained in paragraph number 13 of your plea agreement. You are giving up your rights to raise issues concerning the investigation, the prosecution, the conviction, or the sentence in this case.

*Id.* The district court then asked Mr. Oviedo-Tagle if he understood that he was waiving his appellate rights: "Now, paragraph number 13 does have some exceptions and under those exceptions you will still have some limited rights of appeal, but other than those exceptions do you understand that you are giving up your appellate rights? Do you understand that?" *Id.* at 8. He responded: "Yes." *Id.*

Mr. Oviedo-Tagle bears the "burden to present evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003). He has failed to do so. In his response, he contends "that his appeal waiver was not voluntary because he was persuaded to take the plea based on the erroneous advice of his attorney, who told him he would not receive a sentence of more than seven years." Resp. at 5. Mr. Oviedo-Tagle presents no

record evidence to support this statement. Moreover, it conflicts with record evidence, including his signed "Petition to Enter Plea of Guilty" in which he acknowledges that his attorney informed him that a guilty plea could subject him to a mandatory minimum sentence of not less than ten years. *See* Petition to Enter Plea of Guilty at 3 (attached to Motion to Enforce).

Mr. Oviedo-Tagle also asserts that "the consequences of signing the plea agreement were not explained to him until after the sentence was imposed and he did not fully understand the impact of his actions." Resp. at 5. Again, he cites to no record evidence to support this statement. As discussed above, the plea agreement and plea colloquy adequately explained the consequences of Mr. Oviedo-Tagle's guilty plea and the waiver of his appellate rights. He acknowledged that he understood the consequences by signing the plea agreement and in his responses to the district court's questioning. He has failed to offer any evidence to support his position that the waiver of his appellate rights was not knowing and voluntary.

*Ineffective Assistance of Counsel*

Mr. Oviedo-Tagle also asserts that he received ineffective assistance of counsel. We have held "that a plea agreement waiver of postconviction rights does not waive the right to bring a [28 U.S.C.] § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or waiver." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). But we have also held that "a defendant must generally raise claims of ineffective counsel in a collateral

proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (internal citations omitted). Accordingly, Mr. Oviedo-Tagle's potential claim for ineffective assistance of counsel does not provide a basis for denying the government's motion to enforce the appeal waiver in this matter.

We grant the motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. Oviedo-Tagle's ability to file a 28 U.S.C. § 2255 motion asserting a claim for ineffective assistance of counsel in connection with his guilty plea or appeal waiver.

Entered for the Court
Per Curiam
