FILED
United States Court of Appeals
Tenth Circuit

May 18, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADALBERTO CESAR
PARTIDA-HERNANDEZ,

Defendant - Appellant.

No. 16-1035
(D.C. No. 1:15-CR-00078-RM-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **O'BRIEN**, and **McHUGH**, Circuit Judges.

---

Pursuant to a plea agreement containing a waiver of his right to appeal,

Adalberto Partida-Hernandez pleaded guilty to five drug charges and a firearm

charge. Before sentencing, however, he wrote to the district court, complaining that

his counsel had not followed through on promises and was ignoring him. Construing

the letter as a request to withdraw the plea, the court denied withdrawal. It then

sentenced Mr. Partida-Hernandez to concurrent sentences of 37 months'

---

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment (the bottom of the Guidelines range) on each drug charge, and a consecutive sentence of 60 months' imprisonment on the firearms charge. Notwithstanding his appeal waiver, Mr. Partida-Hernandez appealed. The government has moved to enforce the waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

*Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the motion, Mr. Partida-Hernandez (who is represented by new counsel on appeal) disputes each *Hahn* factor on the ground of ineffective assistance of counsel.

"[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (same). This is because "[a] factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) (footnote omitted)

"This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *Porter*, 405 F.3d at 1144; *see also Hahn*, 359 F.3d at 1327 n.13 ("Generally, we only consider ineffective assistance of counsel claims on collateral review. Our holding today does not disturb this longstanding rule." (citation omitted)). When a defendant offers "no argument supporting a reason to depart from our general practice," we have declined to consider ineffective-assistance claims on direct appeal. *Porter*, 405 F.3d at 1144.

At sentencing, the court addressed Mr. Partida-Hernandez's allegations and explained why his concerns about counsel's performance did not justify allowing the withdrawal of the plea. But we are not convinced that this colloquy adequately developed the record as to potential claims of ineffective assistance of counsel in negotiating the plea or the waiver. *See Galloway, 56 F.3d at 1240*. Moreover, before this court, Mr. Partida-Hernandez fails to offer any argument to support a departure from the general practice. We therefore decline to decide his ineffective-assistance claims in this appeal.

Mr. Partida-Hernandez having offered no other challenge to the motion to enforce, the motion is granted and this matter is dismissed, without prejudice to Mr. Partida-Hernandez raising allegations of ineffective assistance of counsel in collateral proceedings.

Entered for the Court
Per Curiam
