**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RYAN J. SINGLETON,

    Defendant - Appellant.

No. 18-3170
(D.C. No. 5:17-CR-40041-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Ryan J. Singleton pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  Despite his waiver, he filed an appeal. The government has moved to enforce Singleton's appeal waiver.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325.

Singleton's plea agreement includes the following waiver of his appellate and collateral-attack rights:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

Mot. to Enforce, Attach. C (Plea Agmt.) at 7-8.

In responding to the government's motion, Singleton indicates that he wishes to raise two issues on appeal: (1) that the district court misinterpreted some facts in determining his sentence, and (2) that his counsel in district court was ineffective. But Singleton concedes that his first appeal issue falls within the scope of his appeal

2

waiver because his 120-month sentence fell within the applicable sentencing range calculated by the district court. *See id.*, Attach. B (Sent. Tr.) at 33-34.

As to his second issue, Singleton notes, correctly, that he preserved in his plea agreement his right to raise claims of ineffective assistance of counsel. He acknowledges, however, that "a defendant generally must raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review" and that "[t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). In conclusion, Singleton states that he

> objects to any affirmative finding that his plea or his waiver was knowing and voluntary. However, he does not object to a finding that he cannot show *on the present record* that his plea or his waiver was not knowing or voluntary, and he does not object to a dismissal of his direct appeal on the government's motion without prejudice to him filing a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

Resp. at 3.

Our independent review confirms that Singleton's proposed issues for appeal fall within the scope of his waiver or raise a claim of ineffective assistance of counsel that he may not pursue on direct appeal, *see United States v. Edgar*, 348 F.3d 867, 869 (10th Cir. 2003) (stating rule, with "rare exception" not applicable here, that ineffective-assistance claims must be brought in a collateral proceeding). The plea agreement clearly sets forth the appeal waiver and states that it was knowing and voluntary, and the district court discussed the waiver and confirmed Singleton's understanding of it during his change-of-plea hearing. Moreover, there is no

evidence in the present record contradicting Singleton's knowing and voluntary acceptance of the waiver. Finally, there is also no indication in the present record that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and this appeal is dismissed.

Entered for the Court
Per Curiam