**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**January 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SETH JAMES PALMER,

    Defendant - Appellant.

No. 23-5073
(D.C. No. 4:21-CR-00549-GKF-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **EBEL**, and **ROSSMAN**, Circuit Judges.
_____

Seth James Palmer pleaded guilty to assault with intent to commit murder in

Indian country and to discharging a firearm in relation to a crime of violence.  He

received a 171-month sentence.  He appeals even though his plea agreement

contained an appeal waiver.  The government has moved to enforce the waiver.  *See*

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Mr. Palmer's attorney has responded, saying it would be frivolous to oppose the

government's motion and, for that reason, moving to withdraw.  *See Anders v.*

*California*, 386 U.S. 738, 744 (1967).  We invited Mr. Palmer to respond himself, but

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he has not done so.  Our duty in these circumstances is to examine the record and decide whether opposing the government's motion would indeed be frivolous.  *See id.*  We think it would.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice.  *See Hahn*, 359 F.3d at 1325.

***Scope of the waiver.***  Mr. Palmer waived "the right to directly appeal the conviction and sentence" unless his sentence exceeded the statutory maximum.  Mot. to Enforce, Attach. 1 at 3.  He faced a maximum of 20 years on the assault count and a maximum of life on the discharging-a-firearm count.  His sentence on each count fell below the statutory maximum, so this appeal falls within the scope of his waiver.

***Knowing and voluntary waiver.***  To determine if a waiver was knowing and voluntary, we typically focus on two sources—the plea agreement and the plea colloquy.  *See United States v. Edgar*, 348 F.3d 867, 872 (10th Cir. 2003).

The plea agreement contains strong evidence that Mr. Palmer waived his appellate rights knowingly and voluntarily.  It describes the appeal waiver in plain language.  And Mr. Palmer asserted in the agreement that his attorney had explained his appellate rights, that he understood those rights, and that he knowingly and voluntarily waived them.

During the plea colloquy, however, the district court failed to inform Mr. Palmer of "the terms of any plea-agreement provision waiving the right to

2

appeal."[1]  Fed. R. Crim. P. 11(b)(1)(N).  That failure was error.  *See Edgar*, 348 F.3d at 871.

Even with the faulty plea colloquy, however, the record leaves no room for Mr. Palmer to argue that his waiver was invalid.  The plea agreement itself all but forecloses such an argument.  And nothing in the record suggests that, despite the language in the plea agreement, Mr. Palmer's waiver was unknowing or involuntary. Indeed, under similar circumstances, we have held that a defendant's appeal waiver was knowing and voluntary.  *See id.* at 872–73.

***Miscarriage of justice.***  Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, seriously affecting the fairness, integrity, or public reputation of the proceedings.  *See Hahn*, 359 F.3d at 1327.

According to his attorney, Mr. Palmer believes he received ineffective assistance from his plea counsel.  But "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review. This rule applies even where a defendant seeks to invalidate an appellate waiver

---

[1] Although the district court failed to discuss the waiver's terms with Mr. Palmer at the plea hearing, the government noted when summarizing the plea agreement that it contained "appellate and postconviction waivers."  Mot. to Enforce, Attach. 2 at 9.  Mr. Palmer then said that the government's summary was consistent with his understanding of the agreement.

based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (citation omitted). We see no reason to depart from that general rule here. Nor do we see anything in the record otherwise suggesting that enforcing the appeal waiver will result in a miscarriage of justice.

*    *    *

We agree with Mr. Palmer's attorney that opposing the government's motion to enforce would be frivolous. We therefore grant his motion to withdraw. We also grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court
Per Curiam

4